UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ADRIAN EDWARDS,                )
                               )
            Petitioner,        )
                               )
        v.                     )   No. 1:19-cv-01641-JRS-TAB
                               )
DUSHAN ZATECKY,                )
                               )
            Respondent.        )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

In his petition for writ of habeas corpus, petitioner Adrian Edwards challenges his 2006 convictions in Indiana state court. The respondent has filed a motion to dismiss, and Mr. Edwards has not responded. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [6], is **granted**, Mr. Edwards's petition for a writ of habeas corpus is **denied**, and the action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Edwards was convicted of two counts of murder and one count of conspiracy to commit murder. *Edwards v. State*, 2007 WL 3378505, at *1 (Ind. Ct. App. Nov. 15, 2007) ("*Edwards I*"). The trial court sentenced Mr. Edwards to 55 years in prison for each murder plus 30 years for conspiracy to commit murder, for a total prison term of 140 years. *Id.* at *2.

The Indiana Court of Appeals affirmed on direct appeal. *Id.* at *4. On March 24, 2008, the Indiana Supreme Court denied Mr. Edwards's petition to transfer. Dkt. 7-2 at 4. Mr. Edwards did not file a petition for writ of certiorari in the United States Supreme Court, and the deadline to do so was June 23, 2008.

On September 8, 2008, Mr. Edwards filed his first petition for post-conviction relief in state court. Dkt. 7-1 at 9. On May 22, 2013, he withdrew his first petition. *Id.* at 10.

On December 12, 2013, Mr. Edwards filed a second state post-conviction petition. *Id.* at 12. The trial court denied relief, and the Indiana Court of Appeals affirmed. *Edwards v. State*, 2018 WL 817943, at *8 (Feb. 12, 2018) ("*Edwards II*"). On May 18, 2018, the Indiana Supreme Court denied Mr. Edwards's petition to transfer. Dkt. 7-3 at 10.

On April 22, 2019, Mr. Edwards mailed his petition for a writ of habeas corpus, which was filed on April 23, 2019. Dkt. 2.

## II. Applicable Law

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Discussion

Mr. Edwards does not allege any state-created impediment to filing, newly recognized constitutional right underlying his claim, or newly discovered factual predicate for his claim. *See* 28 U.S.C. § 2244(d)(1)(B)−(D). Accordingly, the limitation period for his petition began to run on the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The Indiana Supreme Court denied Mr. Edwards's petition to transfer on direct appeal on March 24, 2018. His conviction thus became final on June 23, 2008, the last day he could have filed a timely petition for writ of certiorari in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("[I]f the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when 'the time for filing a certiorari petition expires.'" (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The one-year limitation period then ran for 76 days—June 24 through September 7, 2008—before Mr. Edwards filed a post-conviction petition on September 8, 2008.

The limitation period was tolled from September 8, 2008, through May 22, 2013, while Mr. Edwards's first state post-conviction petition was pending. 28 U.S.C. § 2244(d)(2). The limitation period resumed when that petition was withdrawn and ran another 203 days—May 23 through December 11, 2013—before Mr. Edwards filed his second post-conviction petition on December 12, 2013.

The limitation period was tolled again while Mr. Edwards's second post-conviction petition was pending. It resumed running after the Indiana Supreme Court denied his petition to transfer on May 17, 2018, and ran for 86 days until it expired on August 11, 2018. That date was a Saturday, so Mr. Edwards could have filed a timely habeas petition on or before August 13, 2018.

*See* Fed. R. Civ. P. 6(a)(1)(C). But he mailed his petition for a writ of habeas corpus on April 22, 2019, more than eight months past the deadline.

The following chart illustrates this:

| Conviction Final | June 23, 2008 | 365 days left in limitation period |
|---|---|---|
| First State Post-Conviction Filed | September 8, 2008 | 289 days left in limitation period |
| First State Post-Conviction Withdrawn (Clock Resumes) | May 22, 2013 | 289 days left in limitation period |
| Second State Post-Conviction Filed | December 12, 2013 | 86 days left in limitation period |
| Indiana Supreme Court Denies Petition to Transfer on Post-Conviction Review (Clock Resumes) | July 14, 2016 | 86 days left in limitation period |
| Federal Habeas Petition Due | August 13, 2018 | 0 days left in limitation period |
| Federal Habeas Petition Mailed | April 22, 2019 | 252 days beyond limitation period |

Mr. Edwards does not argue for equitable tolling, and the Court sees no reason it would apply in this case. His petition is therefore untimely under § 2244(d) and must be **denied**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, where a claim is resolved on procedural grounds (such as untimeliness), the prisoner must show that reasonable

jurists could disagree about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Edwards's habeas corpus petition is barred by § 2244(d)'s limitation period. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

Mr. Edwards's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 8/29/2019

*JAMES R. SWEENEY II, JUDGE*
United States District Court
Southern District of Indiana

Distribution:

ADRIAN EDWARDS
978949
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov